**In re Kevin ZIMMERMAN and
Roberta Zimmerman,
Debtors.**

**No. 01–80278.**

United States Bankruptcy Court,
C.D. Illinois.

Nov. 7, 2001.

Sumner Bourne, Peoria, IL, for debtor.

Mark Skaggs, Peoria, IL, for creditors.

## *OPINION*

THOMAS L. PERKINS, Bankruptcy Judge.

This matter is before the Court on the motion filed by the Debtors, Kevin and Roberta Zimmerman (DEBTORS), for reconsideration of this Court's Order entered June 28, 2001, denying their objection to the claim filed by Heights Finance (HEIGHTS). By that Opinion and Order, this Court held that the DEBTORS' failure to expressly provide for the avoidance of HEIGHTS' lien in their Chapter 13 plan resulted in HEIGHTS' lien passing through bankruptcy unaffected, despite general, non-creditor specific plan language to the effect that any lien not provided for in the plan is void.

The Federal Rules of Bankruptcy Procedure, like the Federal Rules of Civil Procedure, do not specifically provide for a motion for reconsideration. A motion for reconsideration that is filed within ten days of the entry of a district court judgment is typically treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *American Ironworks & Erectors, Inc. v. North American Const. Corp.,* 248 F.3d 892, 898–99 (9th Cir.2001). Federal Rule 59 is made applicable in bankruptcy via Rule 9023 of the Federal Rules of Bankruptcy Procedure. Fed.R.Bankr.P. 9023. The Court will thus treat the DEBTORS' motion for reconsideration as a motion to alter or amend judgment. A court may grant a Rule 59(e) motion to alter or amend judgment in order to correct a manifest error of law or fact. *Matter of Prince,* 85 F.3d 314 (7th Cir.1996), *cert denied,* 519 U.S. 1040, 117 S.Ct. 608, 136 L.Ed.2d 534 (1996). The DEBTORS allege that the Court's prior Opinion and Order is founded upon one or more manifest errors of law.

The DEBTORS assert that this Court made an error of law in failing to follow District Judge Michael Mihm's decision in *In re Whitlock,* Case No. 90–1372 (August 27, 1991, unpublished). *Whitlock* is distinguishable for several reasons and does not control the issue resolved in this Court's prior Opinion and Order. First, the debtor's plan in *Whitlock* specifically identified the creditor, CIT, the treatment to be accorded the creditor's claim, "entirely unsecured," and the basis for that treatment, the homestead exemption. CIT was expressly "provided for" in the Whitlock's plan, as that term is used in Section 1327(c) of the Bankruptcy Code. 11 U.S.C. 1327(c). The DEBTORS' plan made no reference at all to HEIGHTS, to the treatment of HEIGHTS' claim as unsecured, or

the basis for such treatment. Accordingly, this Court held that the DEBTORS' plan failed to "provide for" HEIGHTS and that the DEBTORS were, therefore, not entitled to the lien avoiding effect of Section 1327(c). The Whitlocks were not relying upon a general, catch-all lien avoiding provision as the DEBTORS are, and Judge Mihm had no occasion to address the effect of such a provision.

Second, the bankruptcy court in *Whitlock* was presented with CIT's post-confirmation motion to force the debtors to modify their confirmed plan to treat its claim as secured or, in the alternative, to dismiss their case. As noted by Judge Mihm, the bankruptcy court's ruling was intended to address a disturbing pattern of creditors attempting to object to treatment of their claims in Chapter 13 cases only after a plan had been confirmed. In the case at bar, HEIGHTS made no such motion and made no suggestion that the DEBTORS should be forced to modify the confirmed plan or that the DEBTORS' case should be dismissed. The issue came before this Court for hearing upon the DEBTORS' objection to the proof of claim filed by HEIGHTS. The concerns that the bankruptcy court addressed in *Whitlock* are not present here.

Finally, *Whitlock* was decided in 1991. Since that time, a line of authority has developed, beginning with *Cen–Pen Corp. v. Hanson*, 58 F.3d 89 (4th Cir.1995), supporting this Court's prior Opinion and Order. The leading cases are discussed in the Opinion at pages 4–8.

The DEBTORS also rely upon an unpublished decision by District Judge Jeanne E. Scott in *In re Williams*, Case No. 99–3206 (Filed October 27, 1999).[1] In a letter filed August 16, 2001, the DEBTORS acknowledge that the language of Judge Scott's opinion that they interpret as supporting their position is dictum. In that case, Judge Scott affirmed a bankruptcy court ruling that a secured creditor was bound by the determination of the amount of its secured claim as provided for in the confirmed Chapter 13 plan to which it did not object. This holding is unassailable. As this Court held in *In re Duggins*, 263 B.R. 233 (Bankr.C.D.Ill.2001), the bifurcation of an undersecured claim into a secured portion equal to the value of the collateral and an unsecured portion equal to the remaining deficiency balance is entirely appropriate and necessary for adjudication as part of the Chapter 13 plan confirmation process. The DEBTORS, however, did not attempt to bifurcate HEIGHTS' claim into secured and unsecured portions which, if they had, would have been perfectly permissible and binding upon HEIGHTS. Instead, the DEBTORS attempted to avoid what they now concede to be the valid lien of HEIGHTS secured by valuable collateral.[2]

In *Williams*, Judge Scott addressed an entirely different issue than the one before this Court. Judge Scott was presented with a situation where the Williams' plan bifurcated Nationsbanc's claim into a secured portion and unsecured portion with adequate notice to Nationsbanc, in the language of the plan. The DEBTORS' plan attempts to avoid a secured creditor's lien, with no apparent basis for avoidance, and attempts to do so with no specific notice to the affected creditor. In her opinion, Judge Scott acknowledges that the Williams' plan does not attempt to void Nationsbanc's mortgage lien and that the plan and orders "simply do not challenge

---

1. A copy of that decision is attached as an appendix.

2. DEBTORS' counsel conceded at the hearing conducted on August 6, 2001, on the Motion for Reconsideration, that HEIGHTS holds a valid purchase money security interest in the vacuum that is its collateral, and that the vacuum has value and is not worthless.

either the extent or validity of the Nationsbanc lien." *Williams* at pages 13–14. Judge Scott concludes that "Nationsbanc, therefore, was not entitled to an adversary proceeding because its lien was not challenged." *Williams,* page 14. This Court and Judge Scott are in total agreement that claim bifurcation is properly part of the Chapter 13 plan confirmation process.

When the single sentence of Judge Scott's opinion quoted in the DEBTORS' letter, comparing Section 1141 to Section 1327, is viewed in the context of the entire opinion, it provides no real support to the DEBTORS' position. This Court addressed the distinction between those two Bankruptcy Code sections in footnote 9 of its Opinion.

The DEBTORS also contend that this Court, although not bound to follow Judge Altenberger's unpublished decision in *In re Roberts,* Case No. 99–80260 (August 20, 1999), violates the doctrine of *stare decisis* by departing from the prior decision of its predecessor. In the interest of uniformity, and out of considerable respect for their expertise and experience, this Court gives great deference to the decisions of the other bankruptcy judges sitting in this district, including Judge Altenberger. This Court departs from such prior decisions only after considered reflection and then, reluctantly.

The issue in the case at bar, involving a vacuum securing an asserted claim of $1,300, may not involve much money and its resolution one way or the other may have little effect on the litigants. The broader issue, however, is enormously important to bankruptcy jurisprudence in this district. As the DEBTORS themselves state in their Motion for Reconsideration, "This Court has confirmed hundreds if not thousands of plans with language identical to the safe harbor

provision contained in the *Roberts* opinion and the plan in the case at bar." And apart from the particular plan provision at issue here, clearly defining the rules by which a secured creditor's lien may be taken away is one of the most fundamental requisites of a fair and orderly bankruptcy system.

For the reasons stated in its Opinion, this Court believes that those rules are clearly defined in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. It is permissible for a Chapter 13 plan to bifurcate an undersecured creditor's claim on the basis of collateral value or even eliminate the lien where the collateral is worthless or subject to a senior lien greater than its value. In order to accomplish this, the plan must specifically "provide for" reduction or elimination of the lien pursuant to Section 1327(c). If, on the other hand, the debtor seeks to eliminate a lien on the basis of a challenge to its "validity, priority or extent," the debtor must file an adversary proceeding [3] which provides a greater level of due process to the affected creditor. The DEBTORS did neither and HEIGHTS' lien passed through bankruptcy unaffected.

The DEBTORS mischaracterize the lien avoiding provision contained in their plan as a "safe harbor." Not only is the provision not a safe harbor created by statute, it is contrary to the Code and Rules. By purporting to allow a creditor's valid lien to be eliminated without proper, specific notice and without an allowable justification, the catch-all lien avoiding provision effectively vitiates the scheme implemented by the Code and Rules that clearly defines when and how a creditor's lien may be avoided.

The Bankruptcy Code and Rules are carefully crafted to create a delicate balance between the competing interests of

---

**3.** Fed.R.Bankr.P. 7001(2).

debtors and creditors. It is the bankruptcy court's function to make sure both sides play by the rules. Because enforcing the plan provision in question would allow the DEBTORS to obtain the benefit of lien avoidance outside of the well-established rules governing such relief, this Court held the provision unenforceable.[4]

For these reasons, a separate Order will be entered denying the DEBTORS' Motion for Reconsideration. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

### ORDER

For the reasons stated in an Opinion filed this day, IT IS HEREBY ORDERED that the DEBTORS' Motion for Reconsideration is DENIED.

---

**4.** The facts presented here are perhaps the most egregious example of the fundamental unfairness of the subject plan provision. Not only was HEIGHTS not specifically given notice that its lien on the vacuum cleaner would be avoided, the DEBTORS concede that there is no substantive basis to avoid the valid, purchase money lien.